IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    CRIMINAL NO. 11-452(DRD)

CIRILO PEREZ-MARTINEZ,

Defendant.

## REPORT AND RECOMMENDATION

Defendant Cirilo Pérez-Martínez was charged in Count One of an Information wherein on or about August 28, 2011, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant herein, having previously been deported, did knowingly attempt to enter into the United States, without obtaining, prior to his reembarkation from a place outside the United States, the express consent from the Attorney General, or his successor, the Secretary of the Department of Homeland Security, acting through the Under Secretary for Border and Transportation Security, pursuant to Title 6, United States Code, Sections 202(3), 202(4) and 557, to reapply for admission into the United States, all in violation of Title 8, United States Code, Sections 1326(a)(2).

On November 2, 2011, defendant appeared before this Magistrate Judge since the Rule 11 hearing was referred by the court.  Defendant was provided with the Waiver of Indictment and a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to the only count of the Information, upon being advised of his right to have said proceedings before a district

United States v.  Cirilo Pérez-Martínez
Criminal No. 11-452 (DRD)
Report and Recommendation
Page No. 2

judge of this court.[1]  Upon verifying through defendant's statement his age, education and

any relevant aspect as to the use of medication, drugs, alcohol or substance dependency,

and psychological or psychiatric condition, to ascertain his capacity and ability to

understand, answer and comprehend the interactive colloquy with this Magistrate Judge,

a determination was made as to defendant's competency and ability to understand the

proceedings.

Having further advised defendant of the charge contained in above-stated the only

count of the Information,  he was examined and verified as being correct that he had

consulted with his counsel AFPD Giovanni José Canino-Sánchez[2],  prior to the hearing to

enter a plea of guilty, that he was satisfied with the services provided by his legal

representative and had time to discuss with him all aspects of the case, insofar, among other

things, regarding the hearing to enter the plea, the consent to proceed before a United

States Magistrate Judge, the content of the Information and Waiver of Indictment, and

charges therein, his constitutional rights, and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, by entering a plea

of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by

jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also

waiving his right to be presumed innocent and for the government to meet the obligation

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

[2] AFPD Víctor González-Bothwell is the attorney assigned to this case but he was substituted by AFPD Canino-Sánchez at the hearing.

United States v.  Cirilo Pérez-Martínez
Criminal No. 11-452 (DRD)
Report and Recommendation
Page No. 3

of establishing his guilt beyond a reasonable doubt.  Furthermore, he was waiving his right

during said trial to confront the witnesses who were to testify against him and be able to

cross-examine them, through counsel at said trial, as well as present evidence on his behalf.

He was also waiving the right to compel the attendance of witnesses and that subpoenas be

issued to have them appear in court to testify.  Defendant was specifically apprised of his

right to take the stand and testify, if he so decided, or not to testify, and no inference or

decision as to his guilt could be made from the fact if he decides not to testify.  Defendant

was also explained his right not to incriminate himself; that upon such a waiver of all above-

discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty,

and he would be sentenced by the judge after considering the information contained in a

pre-sentence report.

As to all the above, defendant provided an individualized and positive

acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney

Canino-Sánchez, indicated he freely and voluntarily waived those rights and understood the

consequences.  During all this colloquy, defendant was made aware that he could freely

request from this Magistrate Judge any additional clarification, repetition, or ask questions

and that he may consult with his attorney at any given time as to any issue.

Having ascertained directly from defendant that he had not been induced in any way

to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been

offered any reward or any other thing of value to get him to plead guilty, the documents

entitled "Standard Fast-Track Plea Agreement pursuant to Rule 11(c)(1)(B) FRCP" and

United States v. Cirilo Pérez-Martínez
Criminal No. 11-452 (DRD)
Report and Recommendation
Page No. 4

"Plea Agreement Supplement"[3] were shown to defendant, verifying his signature and initials on each and every page.

Defendant expressed his understanding of the penalties prescribed by statute for the count charged in the Information and to which he was pleading guilty which is a term of imprisonment of not more than two (2) years, a fine not greater than two hundred and fifty thousand ($250,000.00) dollars, and a term of supervised release of no more than one (1) year.

In addition, defendant shall pay a special assessment of one hundred dollars ($100.00), per count of conviction, as required by Title 18, United States Code, Section 3013(a).

The above-captioned parties' estimate and agreement appear on pages two (2) and three (3), paragraph seven (7) of the Agreement, regarding the sentencing guideline calculations were further elaborated and explained. The parties agree that defendant qualifies for participation in the District of Puerto Rico's Fast-Track Program for § 1326 offenses. The parties have made a good faith estimate of the applicable sentencing guideline calculations, which appear highlighted in a table included in the Agreement. The parties also agreed that the U.S. Probation Office will determine all applicable sentencing guideline calculations, including any enhancement pursuant to § 2L1.2(b). This is so because the Probation Office is in a better position to accurately determine defendant's

---

[3] Defendant acknowledged discussing in detail the content of the "Plea Agreement Supplement" with his counsel and understanding the consequences of the same. Defense counsel indicated he explained the content of the supplement and its consequences to defendant.

United States v.  Cirilo Pérez-Martínez
Criminal No. 11-452 (DRD)
Report and Recommendation
Page No. 5

prior conviction history.   However, the parties reserve their right to oppose such determination should they deem it incorrect. Accordingly, the parties agree on the following sentencing guideline calculations and sentencing recommendation:  For Count One it is defendant's understanding that the Base Offense Level is estimated to be Eight (8).  The specific offense characteristic enhancement (+16, +12, +8, +4 or +0) is estimated to be at +0.  A downward adjustment of two (2) levels is agreed for defendant's participation in the Fast-Track program, an early disposition program, and a reduction of two (2) levels is warranted for acceptance of responsibility. Accordingly, the Total Base Offense Level (which could be 18, 14, 10, 8 or 4) is estimated to be at Four (4). The parties agree to recommend to the Court a sentence of imprisonment equal to the lower end of the applicable guideline. The parties make no stipulation as to defendant's Criminal History Category.

Pursuant to paragraph Ten (10) of the Agreement, the United States and the defendant agree that no further adjustment or departures to the defendant's base offense level shall be sought by the parties.

Pursuant to paragraph Twelve (12) of the Agreement, defendant is an alien and he acknowledges that pleading guilty and entering into this plea may have negative effects upon defendant's immigration status with the United States.

United States v.  Cirilo Pérez-Martínez
Criminal No. 11-452 (DRD)
Report and Recommendation
Page No. 6

As part of the written Agreement, the government, the defendant, and his counsel also agreed that they were aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt.   Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.  Defendant was also read and shown a written document entitled "Government's Version of the Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of  counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was

United States v.  Cirilo Pérez-Martínez
Criminal No. 11-452 (DRD)
Report and Recommendation
Page No. 7

informed that parole has been abolished under the advisory Sentencing Reform Act and

that any sentence of imprisonment would be served, without him being released on parole.

Defendant was additionally informed that prior to sentence, the sentencing judge will have

a pre-sentence report and that it would be made available to him, to his counsel and to the

government, so that they be allowed to correct or object to any information contained in

said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his

guilty plea was somehow unlawful or involuntary or if there is some other fundamental

defect in the proceedings which was not waived by his guilty plea.  Defendant was also

informed that he has a statutory right to appeal his sentence under certain circumstances

particularly if the sentence is contrary to law.  With few exceptions, any notice of appeal

must be filed within fourteen (14) days of judgment being entered in the case.  Defendant

was also apprised the right to appeal is subject to certain limitations allowed by law because

his Plea Agreement contains a waiver of appeal in paragraph eighteen (18) which was read

to defendant in open court. Defendant recognized having knowledge of the waiver of appeal,

discussing the same with his counsel and understanding its consequences. Defense counsel

acknowledged discussing the waiver of appeal and its consequences with his client.

United States v. Cirilo Pérez-Martínez
Criminal No. 11-452 (DRD)
Report and Recommendation
Page No. 8

Defendant waived the reading of the Information in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One, and was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Information in Criminal No. 11–452 (DRD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal No. 11–452 (DRD).

**IT IS SO RECOMMENDED.**

The sentence will be set promptly, before Hon. Daniel R. Domínguez, District Court Judge.

San Juan, Puerto Rico, this 2nd day of November of 2011.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE